YM

FILED
FEBRUARY 6, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 808

JUDGE KENDALL
MAGISTRATE JUDGE COX

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RESIDENTIAL LOAN CENTERS OF AMERICA, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. ) ) ) ) |
| SANDOR L. GROSSMAN, ERIN GROSSMAN, and THE BANK OF NEW YORK, not personally, but only as trustee of trust number 1000579, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Residential Loan Centers of America, Inc., (RLCA) by its attorneys, John J. Lydon, complaining of Defendants Sandor L. Grossman, Erin Grossman and The Bank of New York, not personally, but only in its capacity as trustee of a certain trust numbered 1000579, state as follows:

(Introduction)

1. Plaintiff Residential Loan Centers of America brings this action to resolve the disputed notice of rescission of a residential mortgage loan served upon RLCA by Defendants Sandor L. and Erin Grossman (Defendants) pursuant to the Truth in Lending Act, 15 U.S.C. §1635 (TILA), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226. Specifically, RLCA requests that the court declare the notice of rescission ineffective and declare the mortgage that RLCA originated is a valid and subsisting lien on the Defendants' real estate.

In the alternative, if the court finds that the notice of rescission by the Defendants is effective, RLCA requests that the court impose equitable conditions upon the implementation of the rescission of the loan. Specifically, the court should require the Defendants to return the money borrowed, less interest paid and finance charges paid, before the security interest is released.

(Jurisdiction and Venue)

2. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (general federal question), 28 U.S.C. §1337 (interstate commerce) and 15 U.S.C. §1635 (Truth-in-Lending Act).

3. RLCA is an Illinois corporation and does business as a mortgage lender with its principal place of business in Des Plaines, Illinois. Consequently, Plaintiff resides in this District.

4. Defendants Sandor L. and Erin Grossman are husband and wife and reside in the City of Chicago, Illinois. Consequently, Defendants reside in this District.

5. Defendant Bank of New York is a national banking association with its principal place of business in New York City, New York, and is joined in this case, not personally, but only in its capacity as trustee of a certain trust numbered 1000579 as a necessary party by virtue of its interest in the disputed mortgage.

**Count I**
(Declaratory Judgment of TILA Claim under 28 U.S.C. §2201)

6. On September 2, 2005, RLCA entered into a residential mortgage loan transaction wherein the Defendants agreed to borrow $650,000.00 from RLCA to refinance their condominium at 737 Washington Blvd., Chicago, Illinois, in consideration for a first lien mortgage on the title to their Condominium (Mortgage). A copy of the Mortgage is attached

hereto as Exhibit A.

7. In the Mortgage, the Defendants and the RLCA agreed that Mortgage Electronic Registration Systems, Inc. (MERS), would act as the nominee for RLCA and its assigns and as the mortgagee.

8. MERS is a corporation which provides services for the streamlined transfer and identification of mortgage servicing and beneficial ownership of mortgage loans in the United States.

9. Shortly after September 2, 2005, RLCA sold all its right, title and interest in the Mortgage to Countrywide Warehouse Lending.

10. MERS identifies the current "new investor" on the Mortgage as the Bank of New York as trustee of a trust numbered 1000579.

11. On information and belief, The Bank of New York, as trustee of a trust numbered 1000579, is the beneficial owner of the Mortgage is the real party in interest with respect to the Mortgage.

12. On January 17, 2008, Defendants, through their attorney, sent a notice of rescission of the Mortgage (Notice of Rescission) to RLCA. A copy of that Notice of Rescission is attached hereto as Exhibit B.

13. RLCA received the Notice of Rescission in it offices on January 23, 2008.

14. The Notice of Rescission does not specify the grounds for the rescission of the Mortgage except that the Defendants rescind "because of the failure to comply with the Truth in Lending Act and its implementing regulations, including, but not limited to, 15 U.S.C. §1635, et. seq. and Regulation Z §226.23, et. seq."

15. In residential mortgage refinance transactions, the Truth-in-Lending Act, 15 U.S.C. §1631, requires creditors to disclose to borrowers the Annual Percentage Rate, as that term is defined in 15 U.S.C. §1606(a).

16. Likewise, the Truth-in-Lending Act, 15 U.S.C. §1635, require creditors to disclose the borrowers' right to rescind residential mortgage refinance transactions.

17. Regulation Z, 12 C.F.R. §226.23(d)(2), provides that within 20 calender days after receipt of a notice of rescission, "the creditor shall . . . take any action necessary to reflect the termination of the security interest."

18. On January 24, 2008, the day after receiving the Notice of Rescission, and within the 20 day period after receipt of the Notice of Rescission, RLCA, through its counsel, asked the Defendants' attorney to have the Defendants specify the factual basis for their allegations of violations of the Truth in Lending Act and Regulation Z.

19. The following day, January 25, 2008, the Defendants' counsel informed RLCA's counsel that the Defendants failed to receive the requisite number of "notices of right to cancel" at the closing of the loan transaction and that the Annual Percentage Rate disclosed to the Defendants was incorrect.

20. In a good faith effort to comply with the requirements of the Truth-in-Lending Act, and to determine the validity of the reason for the Notice of Rescission within the 20 calender days period for the release of the security interest, RLCA investigated the claims of the Defendants regarding the notices of right to cancel and the APR calculation and RLCA found no violations of law.

21. On January 30, 2008, RLCA, through it counsel, sought clarification and substantiation of the basis for the Notice of Rescission in a letter to the Defendants' attorney. A copy of the letter is attached hereto as Exhibit C.

22. Despite this request, the Defendants offered no evidence demonstrating the validity of their Notice of Rescission.

23. In fact, RLCA gave the appropriate number of Notices of Right of Cancel to the Defendants Murphy at the closing and the APR disclosed to the Defendants did not violate the disclosure requirements of the Truth-in-Lending Act, 15 U.S.C. §1601, *et. seq.*, and its implementing regulation, Regulation Z, 12 C.F.R. §226.23.

24. The existence of the Notice of Rescission by the Defendants constitutes a significant challenge to the validity of the Mortgage given the statutory and regulatory legal effect of a notice of rescission under law.

25. Because RLCA originated the Mortgage and sold it to Countrywide Warehouse Lending subject to an agreement to repurchase the Mortgage under certain circumstances, such as when a mortgage loan is originated in violation of the Truth-in-Lending Act, RLCA has a significant monetary and commercial interest at stake in the validity of the Mortgage.

26. An actual case and controversy exists between the parties regarding the validity of the Defendants' Notice of Rescission of the Mortgage and the validity of the Mortgage as a valid and subsisting first lien on the Defendants' condominium.

27. 28 U.S.C. §2201 provides for a declaratory relief remedy in the courts of the United States.

WHEREFORE Plaintiff Residential Loan Centers of America, Inc., prays that this Court enter a declaratory judgment in its favor and against Defendants Sandor L. Grossman and Erin Grossman, declaring that notice of rescission is ineffective and the mortgage RLCA originated is a valid and subsisting lien on the Defendants' real estate, and award RLCA its costs.

### Count II
(In the Alternative, Equitable Rescission Conditions under 15 U.S.C. §1635(b))

28. In this alternative count for relief, RLCA incorporates by reference paragraphs 1 - 27 above as its allegations in this paragraph.

29. In the event that the court finds against the Plaintiff on Count I regarding the issue of whether the disclosures provided by the Plaintiff to the Defendants violated the Truth-in-Lending Act and/or Regulation Z, the Plaintiff pleads this alternative count for the imposition of equitable terms upon the rescission of the Mortgage.

30. 15 U.S.C. § 1635(b) requires the lender to return any money or property to the borrower and terminate any security interest within twenty (20) days after receipt of a notice of rescission.

31. 15 U.S.C. § 1635(b) also provides that "[t]he procedures prescribed by this subsection shall apply except when otherwise ordered by a Court."

32. Although the right to rescind may be statutorily granted, it remains an equitable doctrine subject to equitable considerations.

33. Rescission does not mean an annulment that is definitely accomplished by unilateral pronouncement, but rather a remedy that restores the *status quo ante*.

34. The courts may condition rescission and the return of monies under the equitable remedy of 15 U.S.C. § 1635(b) on the debtors' return of property received in connection with the transaction.

35. RLCA believes that the Mortgage has entered the stream of commerce as part of mortgage-backed security issued by the Bank of New York, as trustee of trust number 1000579, or others on its behalf. Any attack on the validity of the Mortgage will adversely effect the value, validity or negotiability of such a mortgage-backed security.

36. While this complaint seeks no affirmative relief against the Bank of New York as trustee, it is a necessary party to this case because any equitable rescission of the Mortgage may effect its first lien interest in the mortgaged premises.

37. The Bank of New York, as trustee of trust number 1000579, is believed to be the current owner of the beneficial interest in the Mortgage and any release of the Mortgage by deed or by operation of law would adversely effect the rights of the Bank of New York and render it unsecured from the repayment of the mortgage debt by the Defendants.

38. RLCA acted in good faith within the 20 day period for release of the security interest to determine the validity of the Notice of Rescission.

39. In light of the cryptic and unsubstantiated Notice of Rescission by the Defendants, the immediate and reasonable actions of RLCA in response to the Notice of Rescission and the dramatic and far-reaching commercial and economic impacts of the Notice of Rescission on RLCA and a mortgage loan now in the stream of commerce, it is fitting and proper that the court impose equitable conditions upon the rescission of the Mortgage including the tender by the Defendants of the principal balance of the loan before a release of the Mortgage is tendered or

imposed by operation of law.

40. It would be inequitable for The Bank of New York should not lose its security interest in the mortgaged property before the Defendants' tender of the principal balance due because The Bank of New York would then be treated as a unsecured creditor and lose its preferential status as a lien creditor on the mortgaged property.

41. Likewise, it would be inequitable to subject RLCA to a repurchase demand from Countrywide Warehouse Lending because of the invalidity of the Mortgage without also requiring the Defendants to return the principal balance of the loan.

42. This Court should exercise its inherent equitable authority and the authority expressly provided in 15 U.S.C. §1635(b) and 12 C.F.R. 226.23(d)(4) to establish reasonable and equitable procedures that adequately protect RLCA and The Bank of New York as trustee while effectuating the Defendants' right to rescind the transaction under 15 U.S.C. §1635.

WHEREFORE Plaintiff Residential Loan Centers of America, Inc., prays that in the event that the court finds that the Defendants have the right to rescind the Mortgage, this court order the Defendants to tender the principal balance due under the mortgage, and such other amounts as are required by TILA, before the security interest is released.

                                Residential Loan Centers of America, Inc.,

                                By:  /s/ John J. Lydon
                                    One of its attorneys

John J. Lydon, Esq.
Gomberg, Sharfman, Gold & Ostler, P.C.
208 South LaSalle St., Suite 1200
Chicago, Illinois 60604
(312) 332-6194
lydonj@gsgolaw.com

K:\JJL\CASES\41321 (RLCA v. Grossman)\Pleadings\Complaint.wpd