LAW OFFICES OF
## GOMBERG, SHARFMAN, GOLD AND OSTLER, P.C.
208 SOUTH LASALLE STREET–SUITE 1200
CHICAGO, ILLINOIS 60604-1003
(312) 332-6194   FAX (312) 332-4083
www.gsgolaw.com



LAWRENCE A. GOLD
RAYMOND J. OSTLER
ROBERT M. GOMBERG
JOHN J. LYDON

KIMBERLY A. PADJEN
NAZIA J. HASAN

ROBERT J. SHARFMAN
OF COUNSEL

January 30, 2008

**BY MESSENGER**

**08 C 808**

Douglas Matton, Esq.
Attorney at Law
200 West Madison Street, Suite 1710
Chicago, Illinois 60606

**JUDGE KENDALL
MAGISTRATE JUDGE COX**

Re:   *Sandor and Erin Grossman,*
        737 West Washington, #1001, Chicago, Illinois.

Dear Mr. Matton:

I represent Residential Loan Centers of America, Inc. (RLCA). This letter is in response to your correspondence of January 17, 2008, and our subsequent telephone conversation of January 24, 2008.

Your letter contains a notice of rescission of loan number 436552, dated September 2, 2005, from RLCA to Sandor and Erin Grossman. Your letter does not specify a basis for the notice of rescission except for your assertion of a "failure to comply with" the Truth in Lending Act and Regulation Z. When we spoke you said that your clients seek rescission because they did not receive the requisite number of notices of right to cancel and that the calculation of the Annual Percentage Rate was incorrect.

We reviewed the file for loan 436552. Our investigation does not reveal any evidence that your clients did not receive the proper number of notices of right to cancel. In fact, the opposite is true. All the evidence indicates that your clients received the proper number of notices of right to cancel and so acknowledged in writing. As you know, such acknowledgment constitutes a rebuttable presumption of delivery of the required disclosures. See 15 U.S.C. §1635(c).

Also, we examined both the propriety of the finance charges included in the APR calculation and the APR calculation itself. We find them to be correct.

LAW OFFICES OF
**GOMBERG, SHARFMAN, GOLD AND OSTLER, P.C.**

Douglas Matton, Esq.
January 30, 2008
page 2

  Under Regulation Z, 12 C.F.R. §226.23, the creditor shall take action necessary to reflect the termination of the security interest within twenty (20) calender days after receipt of a valid notice of rescission. We certainly intend to comply with the law. However, at the moment, we have no evidence that your clients' notice of rescission is valid. Therefore, we respectfully ask that you send us all the evidence you possess that supports (and contradicts) your contentions that your clients did not receive the requisite number of notices of right to cancel and that the APR calculation in the Truth-in-Lending Statement given at closing is incorrect.

  Time is of the essence in this matter because our twenty (20) period expires on February 6, 2008. We respectfully fully ask that you provide this information no later than February 4, 2008, so we have time to evaluate it and act accordingly.

  It is our sincere desire to avoid litigation regarding this matter. We do not want the expense of investigating this loan and all its facts and circumstances, including the representations made in your clients' loan application. These cases invariably involve subsequent assignees of the loan requiring multiple counter, cross and third party claims. Let's see if we can alleviate your clients' concerns regarding compliance with the Truth-in-Lending Act before any of that becomes necessary.

  I look forward to your response. Please do not hesitate to call if you have any questions.

          Very truly yours,
          GOMBERG, SHARFMAN, GOLD & OSTLER, P.C.

          John J. Lydon

JJL/cm