## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| RESIDENTIAL LOAN CENTERS OF AMERICA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 08 C 808 |
| | ) | |
| SANDOR L. GROSSMAN, ERIN GROSSMAN, and THE BANK OF NEW YORK, not personally, but only as Trustee of Trust Number 1000579, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWERS AND AFFIRMATIVE DEFENSES

### COUNT I

NOW COME the Defendants, SANDOR L. GROSSMAN and ERIN GROSSMAN, by and through their attorneys, The Law Offices of Douglas M. Matton, and for their Answer and Affirmative Defenses to Count I of Plaintiff's Complaint do hereby state as follows:

1.      Defendants, SANDOR L. GROSSMAN and ERIN GROSSMAN (hereinafter collectively referred to as "GROSSMANS"), deny each and every allegation contained in paragraph one (1) insomuch as said paragraph contains allegations therein.

2.      GROSSMANS deny each and every allegation contained in paragraph two (2) insomuch as said paragraph contains allegations therein, but admit that this Court has proper jurisdiction in this matter.

3.      GROSSMANS deny each and every allegation contained in paragraph three (3) insomuch as said paragraph contains allegations therein.

4.    GROSSMANS deny each and every allegation contained in paragraph four (4) insomuch as said paragraph contains allegations therein.

5.    GROSSMANS deny each and every allegation contained in paragraph five (5) insomuch as said paragraph contains allegations therein.

6.    GROSSMANS deny each and every allegation contained in paragraph six (6) insomuch as said paragraph contains allegations therein.

7.    GROSSMANS deny each and every allegation contained in paragraph seven (7) insomuch as said paragraph contains allegations therein.

8.    GROSSMANS deny each and every allegation contained in paragraph eight (8) insomuch as said paragraph contains allegations therein.

9.    GROSSMANS deny each and every allegation contained in paragraph nine (9) insomuch as said paragraph contains allegations therein.

10.    GROSSMANS deny each and every allegation contained in paragraph ten (10) insomuch as said paragraph contains allegations therein.

11.    GROSSMANS deny each and every allegation contained in paragraph eleven (11) insomuch as said paragraph contains allegations therein.

12.    GROSSMANS admit the allegations contained in paragraph twelve (12).

13.    GROSSMANS neither admit nor deny the allegations contained in paragraph thirteen (13) but demand strict proof thereof.

14.    GROSSMANS deny each and every allegation contained in paragraph fourteen (14) insomuch as said paragraph contains allegations therein.

15.    GROSSMANS neither admit nor deny the allegations contained in paragraph fifteen (15) but demand strict proof thereof.

16.    GROSSMANS neither admit nor deny the allegations contained in paragraph sixteen (16) but demand strict proof thereof.

17.    GROSSMANS neither admit nor deny the allegations contained in paragraph seventeen (17) but demand strict proof thereof.

18.    GROSSMANS deny each and every allegation contained in paragraph eighteen (18) insomuch as said paragraph contains allegations therein.

19.    GROSSMANS deny each and every allegation contained in paragraph nineteen (19) insomuch as said paragraph contains allegations therein.

20.    GROSSMANS deny each and every allegation contained in paragraph twenty (20) insomuch as said paragraph contains allegations therein.

21.    GROSSMANS deny each and every allegation contained in paragraph twenty-one (21) insomuch as said paragraph contains allegations therein.

22.    GROSSMANS deny each and every allegation contained in paragraph twenty-two (22) insomuch as said paragraph contains allegations therein.

23.    GROSSMANS deny each and every allegation contained in paragraph twenty-three (23) insomuch as said paragraph contains allegations therein; and further state that they have no knowledge whatsoever of any dealings with an individual by the name of "Murphy" in relation to this matter.

24.    GROSSMANS deny each and every allegation contained in paragraph twenty-four (24) insomuch as said paragraph contains allegations therein.

25.    GROSSMANS deny each and every allegation contained in paragraph twenty-five (25) insomuch as said paragraph contains allegations therein.

26.    GROSSMANS deny each and every allegation contained in paragraph twenty-six (26) insomuch as said paragraph contains allegations therein.

27.    GROSSMANS neither admit nor deny the allegations contained in paragraph twenty-seven (27) but demand strict proof thereof.

WHEREFORE, Defendants, SANDOR L. GROSSMAN and ERIN GROSSMAN, pray that this Court enter an Order dismissing Plaintiff's Complaint with prejudice, for an award of attorney's fees and costs paid to the Defendants, for a declaratory judgment that Plaintiff has no security interest or any other interest, in the property located at 737 West Washington Boulevard, Unit 1001, Chicago, Illinois, that said property is owned free and clear by SANDOR L. GROSSMAN, and for any and all other relief this Court deems just and proper.

## COUNT II

NOW COME the Defendants, SANDOR L. GROSSMAN and ERIN GROSSMAN, by and through their attorneys, The Law Offices of Douglas M. Matton, and for their Answer and Affirmative Defenses to Count II of Plaintiff's Complaint do hereby state as follows:

28.    Defendants, SANDOR L. GROSSMAN and ERIN GROSSMAN (hereinafter collectively referred to as "GROSSMANS"), deny each and every allegation contained in paragraph twenty-eight (28) insomuch as said paragraph contains allegations therein.

29.    GROSSMANS deny each and every allegation contained in paragraph twenty-nine (29) insomuch as said paragraph contains allegations therein.

4

30.    GROSSMANS deny each and every allegation contained in paragraph thirty (30) insomuch as said paragraph contains allegations therein.

31.    GROSSMANS deny each and every allegation contained in paragraph thirty-one (31) insomuch as said paragraph contains allegations therein.

32.    GROSSMANS deny each and every allegation contained in paragraph thirty-two (32) insomuch as said paragraph contains allegations therein.

33.    GROSSMANS deny each and every allegation contained in paragraph thirty-three (33) insomuch as said paragraph contains allegations therein.

34.    GROSSMANS deny each and every allegation contained in paragraph thirty-four (34) insomuch as said paragraph contains allegations therein.

35.    GROSSMANS deny each and every allegation contained in paragraph thirty-five (35) insomuch as said paragraph contains allegations therein.

36.    GROSSMANS deny each and every allegation contained in paragraph thirty-six (36) insomuch as said paragraph contains allegations therein.

37.    GROSSMANS deny each and every allegation contained in paragraph thirty-seven (37) insomuch as said paragraph contains allegations therein.

38.    GROSSMANS deny each and every allegation contained in paragraph thirty-eight (38) insomuch as said paragraph contains allegations therein.

39.    GROSSMANS deny each and every allegation contained in paragraph thirty-nine (39) insomuch as said paragraph contains allegations therein.

40.    GROSSMANS deny each and every allegation contained in paragraph forty (40) insomuch as said paragraph contains allegations therein.

41.    GROSSMANS deny each and every allegation contained in paragraph forty-one (41) insomuch as said paragraph contains allegations therein.

42.    GROSSMANS deny each and every allegation contained in paragraph forty-two (42) insomuch as said paragraph contains allegations therein.

WHEREFORE, Defendants, SANDOR L. GROSSMAN and ERIN GROSSMAN, pray that this Court enter an Order dismissing Plaintiff's Complaint with prejudice, for an award of attorney's fees and costs paid to the Defendants, for a declaratory judgment that Plaintiff has no security interest or any other interest, in the property located at 737 West Washington Boulevard, Unit 1001, Chicago, Illinois, that said property is owned free and clear by SANDOR L. GROSSMAN, and for any and all other relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

NOW COME the Defendants, SANDOR L. GROSSMAN and ERIN GROSSMAN, by and through their attorneys, Matton & Grossman, PC, and for their Affirmative Defenses to the Complaint of Plaintiff states as follows:

1.    For their First Affirmative Defense, Defendants, SANDOR L. GROSSMAN and ERIN GROSSMAN state:  Plaintiff failed to provide Defendants with the requisite number of Notices of Right to Cancel, in violation of the Truth In Lending Act ("TILA"), 12 U.S.C. § 1635, and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226 et. seq.  Therefore, the Notice of Rescission is valid and effective and Plaintiff's complaint should be dismissed with prejudice.

2.    For their Second Affirmative Defense, Defendants, SANDOR L. GROSSMAN and ERIN GROSSMAN state:  Plaintiff received the Notice of Rescission letter sent to it on January 17, 2008.  However, Plaintiff, Residential Loan Centers of America, failed within the twenty (20) day time period as required by Truth In Lending Act ("TILA"), 12 U.S.C. § 1635, and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226.23, to return any money or property provided to anyone in connection with the transaction in question.   Moreover, the Plaintiff failed to take any action necessary to reflect the termination of the security interest in the Defendants' property.  Therefore, any and all security interest Plaintiff may have had in the property located at 737 West Washington Boulevard, Unit 1001, Chicago, Illinois, is deemed null and void, and Plaintiff's complaint should be dismissed with prejudice.

3.    For their Third Affirmative Defense, Defendants, SANDOR L. GROSSMAN and ERIN GROSSMAN, state:  Based on information and belief, SANDOR L. GROSSMAN and ERIN GROSSMAN may have entered into a Mortgage on or about September 2, 2005, with a corporation identifying itself as "Residential Loan Centers of America".   SANDOR L. GROSSMAN and ERIN GROSSMAN never received any notification whatsoever of any purported assignment of any portion of said Mortgage from "Residential Loan Centers of America" to Bank of New York, as the Plaintiff alleges in its Complaint.  If indeed the purported mortgage in question was assigned to the Bank of New York, then the Bank of New York is the proper party Plaintiff in this matter, and the Plaintiff does not have privity of contract with SANDOR GROSSMAN and ERIN GROSSMAN, therefor it lacks standing to bring this matter before this Court and therefore, Plaintiff's Complaint should be dismissed with prejudice.

*Semande v. Estes*, 374 Ill.App.3d 468, 871 N.E.2d 268 (2007); *Scachitti v. US Financial Services*, 215 Ill.2d. 484, 831 N.E.2d (2005); *Crest Container Corp. v. R.H. Bishop Co.*, 111 Ill.App.3d 12068, 445 N.E.2d 19 (1982); *Connick v. Suzuki Motor Co., Ltd.*, 275 Ill.App.3d 705, 656 N.E.2d 170 (1st. Dist. 1995).

4.      For their Fourth Affirmative Defense, Defendants, SANDOR L. GROSSMAN and ERIN GROSSMAN, state:   Based on information and belief, SANDOR L. GROSSMAN and ERIN GROSSMAN may have entered into a Mortgage on or about September 2, 2005, with a corporation identifying itself as "Residential Loan Centers of America".   SANDOR L. GROSSMAN and ERIN GROSSMAN never received any notification whatsoever of any purported assignment of any portion of said Mortgage from "Residential Loan Centers of America" to Bank of New York.   The failure of Plaintiff to send notification to SANDOR L. GROSSMAN and ERIN GROSSMAN of any such assignment is a violation of the Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. 2601 et seq., and therefore, Plaintiff's Complaint should be dismissed under the doctrine of unclean hands.  *Getty v. Hunter*, 166 Ill.App.3d 453, 519 N.E.2d 1040 (1st. Dist. (1988)); *Mascenic v. Anderson,* 53 Ill.App.3d 971, 369 N.E.2d 172 (1977).

5.      For their Fifth Affirmative Defense, Defendants, SANDOR L. GROSSMAN and ERIN GROSSMAN, state:   The Mortgage executed by SANDOR L. GROSSMAN and ERIN GROSSMAN which is allegedly the subject matter of Plaintiff's complaint was pooled into a form of a mortgage-backed security trust.   Upon information and belief, when the original Mortgage was pooled into the mortgage-backed security trust, Plaintiff and/or unknown parties

altered and/or defaced the original Mortgage, thereby rendering said Mortgage unenforceable against SANDOR L. GROSSMAN and ERIN GROSSMAN, thereby making the rescission warranted and Plaintiff's complaint should be dismissed with prejudice. *Johnson v. Thomas*, 342 Ill.App.3d 382, 794 N.E.2d 919 (1st Dist. 2003); Uniform Commercial Code (UCC) Section 5/3-302, and 810 ILCS 5/1-101 *et seq.*

WHEREFORE, Defendants, SANDOR L. GROSSMAN and ERIN GROSSMAN, pray that this Court enter an Order dismissing Plaintiff's Complaint with prejudice, for an award of attorney's fees and costs paid to the Defendants, for a declaratory judgment that Plaintiff has no security interest or any other interest, in the property located at 737 West Washington Boulevard, Unit 1001 Chicago, Illinois, that said property is owned free and clear by SANDOR L. GROSSMAN and ERIN GROSSMAN, and for any and all other relief this Court deems just and proper.

Respectfully submitted:

s/Douglas M. Matton

_____

Douglas M. Matton

Douglas M. Matton
Law Offices of Douglas M. Matton
Attorneys for Grossman defendants
200 W. Madison Street
Suite 710
Chicago, IL 60606
(312) 236-9800
Attorney No.: 34456

## CERTIFICATION

I, Sandor Grossman, do hereby certify, under penalties of law as provided in Section 1-109 of the Illinois Code of Civil Procedure and Federal Rule of Civil Procedure 11 that the content of the foregoing document is true and correct to the best of my knowledge and belief, except as to matters stated therein on information and belief, and as to such matters the undersigned certifies, as aforesaid, that he has been advised and informed that the same are true.

Signed and dated this 21 th Day of March, 2008.

_____
Sandor Grossman

## CERTIFICATION

I, Erin Grossman, do hereby certify, under penalties of law as provided in Section 1-109 of the Illinois Code of Civil Procedure and Federal Rule of Civil Procedure 11 that the content of the foregoing document is true and correct to the best of my knowledge and belief, except as to matters stated therein on information and belief, and as to such matters the undersigned certifies, as aforesaid, that he has been advised and informed that the same are true.

Signed and dated this 21 th Day of March, 2008.

_____
Erin Grossman

Signed and Sworn Before
me this 21st day of March, 2008.

_____
Notary Public

OFFICIAL SEAL
ROSEANNE ZUBIK
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/31/08

10