IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

08-004437D

| | |
|---|---|
| Residential Loan Centers of America, Inc.<br><br>　　　　Plaintiff,<br><br>-vs-<br><br>Sandor L. Grossman; Erin Grossman; Bank of New York, not personally, but only as Trustee of Trust Number 1000579<br><br>　　　　Defendants. | Case No.: 08 C 808<br><br>Honorable Judge Kendall<br>Honorable Magistrate Judge Cox |

**DEFENDANT'S ANSWER**

NOW COMES the Defendant Bank of New York, as Trustee (hereinafter "Defendant"), by and through its attorneys, Fisher and Shapiro, LLC and for its Answer to Plaintiff's Complaint, states as follows:

1. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 1.

2. Defendant admits those factual allegations of paragraph 2.

3. Defendant admits Plaintiff is an Illinois corporation, but has insufficient knowledge and information to form a belief as to the veracity of those remaining factual allegations of paragraph 3.

4. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 4.

5. Defendant admits it is an asset and securities management corporation with its principal place of business in New York City, New York. Defendant further admits it

1

has an equitable and beneficial interest in the subject mortgage by virtue of Defendant's trusteeship as to the certain trust number currently and correctly identified as trust number 7008161.

### Count I – Declaratory Judgment of TILA Claim

6. Defendant admits the instrument attached as Exhibit A of Plaintiff's Complaint is a copy of the mortgage in which it has an interest. Defendant has insufficient knowledge and information to form a belief as to the veracity of those remaining factual allegations of paragraph 6. Defendant further states no response is elicited as to those conclusions of law of paragraph 6.
7. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 7.
8. Defendant admits those factual allegations of paragraph 8.
9. Defendant admits Plaintiff transferred and/or sold its rights, title, and interest in the mortgage to Countrywide Home Loans, Inc. in September 2005.
10. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 10.
11. Defendant, as trustee of trust number 7008161, admits it has an interest in the subject mortgage by virtue of its equitable and beneficial ownership of said trust.
12. Defendant denies the document attached as Exhibit B is a valid and effective notice of rescission of the subject mortgage. Defendant has insufficient knowledge and information to form a belief as to the veracity of those remaining factual allegations

of paragraph 12, or as to the veracity and authenticity of the document attached as Exhibit B to Plaintiff's Complaint.

13. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 13.

14. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 14.

15. As paragraph 15 contains no factual allegations, but rather conclusions of law, no response is elicited. Defendant further states the cited statute speaks for itself, and denies any allegations to the extent they are incongruent with, or misstate, the cited statute.

16. As paragraph 16 contains no factual allegations, but rather conclusions of law, no response is elicited. Defendant further states the cited statute speaks for itself, and denies any allegations to the extent they are incongruent with, or misstate, the cited statute.

17. As paragraph 17 contains no factual allegations, but rather conclusions of law, no response is elicited. Defendant further states the cited statute speaks for itself, and denies any allegations to the extent they are incongruent with, or misstate, the cited statute.

18. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 18.

19. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 19.

20. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 20.

21. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 21, or as to the identity, veracity, and authenticity of the document attached as Exhibit C to Plaintiff's Complaint.

22. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 22.

23. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 23.

24. Defendant admits those factual allegations of paragraph 24.

25. Defendant admits Plaintiff has an interest and stake in the validity of the mortgage, as the originator and original creditor of said mortgage and as the re-purchaser pursuant to the repurchase agreement.

26. Defendant admits those factual allegations of paragraph 26.

27. As paragraph 27 contains no factual allegations, but rather conclusions of law, no response is elicited. Defendant further states the cited statute speaks for itself, and denies any allegations to the extent they are incongruent with, or misstate, the cited statute.

WHEREFORE, Defendant Bank of New York, as Trustee, respectfully prays this Honorable Court enter an order finding Defendant has a valid and subsisting first mortgage lien upon the subject property, that the alleged notice of rescission is invalid and ineffective, and for an award of its attorneys' fees and court costs incurred, and for all further relief as this Court may deem appropriate.

## Count II – Equitable Rescission, *in the Alternative*

28. Defendant reaffirms and incorporates by reference its responses to paragraphs 1 through 27 as and for its response to paragraph 28 as though fully pleaded herein.

29. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 29.

30. As paragraph 30 contains no factual allegations, but rather conclusions of law, no response is elicited. Defendant further states the cited statute speaks for itself, and denies any allegations to the extent they are incongruent with, or misstate, the cited statute.

31. As paragraph 31 contains no factual allegations, but rather conclusions of law, no response is elicited. Defendant further states the cited statute speaks for itself, and denies any allegations to the extent they are incongruent with, or misstate, the cited statute.

32. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 32.

33. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 33.

34. As paragraph 34 contains no factual allegations, but rather conclusions of law, no response is elicited. Defendant further states the cited statute speaks for itself, and denies any allegations to the extent they are incongruent with, or misstate, the cited statute.

35. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 35.

36. Defendant admits those factual allegations of paragraph 36.

37. Defendant, as trustee of trust number 7008161, admits it has an interest in the subject mortgage by virtue of its equitable and beneficial ownership of said trust. Defendant further admits the remaining factual allegations of paragraph 37.

38. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 38.

39. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 39.

40. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 40.

41. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 41.

42. Defendant has insufficient knowledge and information to form a belief as to the veracity of those factual allegations of paragraph 42.

WHEREFORE, Defendant Bank of New York, as Trustee, respectfully prays this Honorable Court enter an order finding Defendant has a valid and subsisting first mortgage lien upon the subject property, that the alleged notice of rescission is invalid and ineffective, and for an award of its attorneys' fees and court costs incurred. In the alternative, in the event the Court determines the subject mortgage is rescindable, Defendant prays this Honorable Court enters an order for an equitable modification of the sequence of procedures necessary to effectuate a rescission of the mortgage, and for all further relief as this Court may deem appropriate.

### First Affirmative Defense

NOW COMES the Defendant, Bank of New York, as Trustee, by and through its attorneys Fisher and Shapiro, LLC, and for its first affirmative defense to Plaintiff's Complaint, states as follows:

1. Plaintiff, Residential Loan Centers of America, Inc. is the original creditor under the subject note and mortgage. Plaintiff transferred and/or sold its rights, title, and interest in the subject mortgage in September 2005.
2. As such, Defendant is an assignee of Plaintiff. As an assignee, Defendant may not be held liable for those violations for which an original creditor may be held liable. *12 U.S.C. §1641.*
3. To the extent Defendants Sandor and Erin Grossman have failed to specify in their notice of rescission the grounds for such rescission, there is no violation of the Truth in Lending Act apparent on the face of the disclosures such that an assignee could be held liable.
4. To the extent Defendants Sandor and Erin Grossman's first affirmative defense alleges they did not receive the requisite number of Notices of Right to Cancel, this is not a violation that would be apparent on the face of the disclosures such that an assignee could be held liable.

WHEREFORE, Defendant Bank of New York, as Trustee, respectfully requests this Honorable Court enter an order finding Defendant Bank of New York, as Trustee to be an assignee of the original creditor under the subject note and mortgage, and that as assignee Defendant is not liable for any damages arising under the Truth in Lending Act, and for all further relief this Court may deem appropriate.

### Second Affirmative Defense

NOW COMES the Defendant, Bank of New York, as Trustee, by and through its attorneys Fisher and Shapiro, LLC, and for its second affirmative defense to Plaintiff's Complaint, states as follows:

1. The alleged notice of rescission attached as Exhibit B to Plaintiff's Complaint is addressed solely to the original creditor, Residential Loan Centers of America, Inc.

2. As such, this alleged notice of rescission is invalid and ineffective for failure to comply with the Federal Reserve Board's implementing regulation, Regulation Z, and its official staff commentary, Supplement I to Part 226. *12 C.F.R. 226*; *12 C.F.R. Part 226 Supp. I.*

3. Defendants Sandor and Erin Grossman have sent their monthly mortgage payments to the loan servicer, Countrywide Home Loans, Inc. Their failure to deliver the notice of rescission of the mortgage to the loan servicer renders the notice invalid and ineffective. *12 C.F.R. Part 226.23(a)(2) Supp. I.*

WHEREFORE, Defendant Bank of New York, as Trustee, respectfully requests this Honorable Court enter an order finding Defendant has a valid and subsisting first mortgage lien upon the subject property, that the alleged notice of rescission is invalid and ineffective, and for an award of its attorneys' fees and court costs incurred, and for all further relief this Court may deem appropriate.

Respectfully submitted,

Bank of New York, as Trustee

By: ___s/ G. Stephen Caravajal, Jr.___
G. Stephen Caravajal, Jr.
Illinois Bar No. 6284718
Fisher and Shapiro, LLC
4201 Lake Cook Road
Northbrook, Illinois 60062
Telephone: (847) 770-4305
Fax: (847) 954-8601
E-Mail: scaravajal@fisherandshapiro.com